[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the plaintiffs motion for a prejudgment remedy attachment. For reasons more fully set forth below, this court grants the plaintiffs motion.
This case arises out of a contract dispute between the parties. The plaintiff, REDSTONE MANUFACTURING, claims that the defendants, BRIAN KANE AND JOSEPH GELADINO, owe it money for services performed on the defendants' land. Subsequent to the refusal of the defendants to pay, the plaintiff filed a two count complaint, dated July 6, 1998. The First Count alleges a breach of agreement. The second count asserts the equitable claim of unjust enrichment. The defendants filed an Answer and Special Defenses on December 20, 1998. The defendants claim, in their Special Defenses, that the contract, if one is found to exist, was between the plaintiff and "J.G. Builders LLC," a Connecticut corporation, and not the individually named defendants. CT Page 7148 Additionally, the defendants claim that the plaintiff breached its agreement with them by performing the work in a shoddy, and unprofessional maimer.
This court makes the following findings of fact. In 1997, the defendants hired the plaintiff to perform various tasks on three lots located in Torrington, Connecticut. The plaintiff provided the requested services, which included clearing, excavation, and installation of sewers. Initially, the parties entered an oral agreement, whereby the plaintiff would provide services for two lots for $12,000.00. At some point, prior to June 17, 1997, the parties entered a new agreement, pursuant to which the plaintiff would provide services for three lots for $15,000.00. The plaintiff submitted to the defendants an invoice, dated June 17, 1997. The total amount owed, according to the invoice, was $15,300.00[1]. The defendants paid the plaintiff $6,000.00. The plaintiff claims that it is owed an additional $9,300.00. This court finds that the plaintiff has sufficiently established that there was an agreement between the plaintiff and the defendants that it would provide services in exchange for the payment of $15,300.00.
Therefore, this court must next turn to the special defenses raised by the defendants. The defendants first defense is that they are improperly named as defendants. They claim that the plaintiff contracted with an LLC, and not with two individuals. The plaintiffs President, Marino Martimelli, testified at the hearing that the defendants did not disclose that they were functioning as representatives or agents of an LLC. The appellate court has held:
 "[t]he law is settled that where an agent contracts in his own name, without disclosing his representative capacity, the agent is personally liable on the contract . . . To avoid liability, it is the duty of an agent to disclose both the fact that he is acting in a representative capacity and the identity of his principal, since the party with whom he deals is not required to discover or make inquiries to discover these facts."
(Citations omitted). Conn. Limousine Services. Inc. v. Powers,7 Conn. App. 398 (1986).
The defendants have provided no evidence that they informed CT Page 7149 the plaintiff of their representative status. This court finds it sufficiently established that no such notification occurred. Therefore, the defendants can not use the existence of the LLC as a defense for the purposes of this application.
The defendants next assert that the plaintiff breached its agreement with them by performing poor work. The defendants did not present sufficient evidence to support this claim. Therefore, this defense fails, too.
This court finds, taking into account the defenses raised by the defendants, that there is probable cause that judgment will be rendered for the plaintiff in the amount of $9,300.00. Accordingly, the plaintiffs motion for a prejudgment remedy attachment is granted in the amount of $9,300.00.
Carol Robinson, Judge Superior Court